IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANE MATTHEW McKINLEY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV426 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed his complaint in this matter on November 27, 2009, against the State of Nebraska (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 5). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

I. SUMMARY OF COMPLAINT

On December 21, 2009, plaintiff filed a motion to amend complaint in which he sought to substitute defendant "Director of Corrections, Douglas County" for the State of Nebraska (Filing No. 6). The Court will grant the motion to amend and will direct the clerk of the court to make the appropriate change in the record.

At the time plaintiff filed his complaint, he was incarcerated in the Douglas County, Nebraska, Correctional Center (Filing No. 1). Plaintiff alleges that defendant violated his constitutional rights to a speedy trial. (*Id.* at CM/ECF p. 5.)

In particular, plaintiff alleges that he was wrongfully "incarcerated for ten and a half months" with no bond. Plaintiff seeks $500,000.00 in damages and requests that the Court "punish the people that did this to" him. (*Id.* at CM/ECF p. 7.) Since filing the complaint, plaintiff has been released from custody (Filing No. 9). Plaintiff has informed the Court that he was convicted of a crime[1] and sentenced to "time served." (Filing No. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.

---

[1] Plaintiff does not specifically state which crime. As best as the Court can tell, plaintiff was convicted of "failure to appear" for a court date (Filing No. 1 at CM/ECF p. 5).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983

to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Here, plaintiff clearly alleges that defendant's actions led to his wrongful incarceration for more than 10 months, and he seeks monetary relief as compensation (Filing No. 1 at CM/ECF p. 5). However, the record also shows that plaintiff was ultimately convicted of a crime and sentenced (Filing No. 7). In light of this, the Court finds that plaintiff's allegations necessarily implicate the validity of his conviction. Stated another way, if the Court determined that plaintiff was wrongfully incarcerated and that his right to a speedy trial was violated, such a determination would most certainly cast doubt on the legality of his conviction and sentence. As set forth above, the Court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. However, the Court will dismiss plaintiff's complaint without prejudice to reassertion in a

habeas corpus or similar proceeding.[2]  A separate order will be entered in accordance with this memorandum opinion.

DATED this 19th day of February, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

[2] Plaintiff has been released from custody (Filing No. 9). However, a future habeas claim is not moot because there remains a "collateral consequence" of the conviction.  In particular, the foreclosure of plaintiff's separate civil rights damages (until he invalidates the conviction) is a sufficient collateral consequence.  *Leonard v. Nix*, 55 F.3d 370, 373 (8th Cir. 1995) ("Post-release financial claims dependent on the legality of conviction may be stayed pending review of the conviction, or, as to section 1983 claims after *Heck*, may not accrue until habeas proceedings conclude; but in neither case are they mooted by release.").